## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| **RICKY BURNHAM**, | * | Civil No. 4:20-cv-00367-JEG-SBJ |
| Plaintiff, | * | |
| v. | * | **PLAINTIFF'S FIRST AMENDED COMPLAINT & JURY DEMAND** |
| **BAYER CROPSCIENCE LP**, | * | |
| Defendant. | * | |

**COMES NOW** the Plaintiff, Ricky Burnham, by and through his attorney, LeGrant Law Firm, P.C., and for his cause of action against Defendant Bayer CropScience LP states as follows:

### JURISDICTION AND VENUE

1. This civil action asserts a claim for wrongful discharge in violation of public policy under Iowa common law.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3. The unlawful employment practices alleged below were committed within the Southern District of Iowa, Central Division. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. Additionally, venue is proper pursuant to 28 U.S.C. § 1441(a).

### PARTIES

5. Plaintiff Ricky Burnham ("Burnham") is and was, at all times relevant hereto, a citizen and resident of Grinnell, Poweshiek County, Iowa.

1

6. Upon information and belief, Defendant Bayer CropScience LP ("Bayer") is a limited partnership authorized to conduct business in Iowa and maintains its principal place of business in Grinnell, Poweshiek County, Iowa.

## COUNT 1: WRONGFUL DISCHARGE

7. Burnham incorporates by reference all preceding paragraphs as if set forth fully herein.

8. Bayer employed Burnham from August 2006 until the termination of his employment on August 24, 2020.

9. At all times material hereto, including at the time of the termination of his employment, Burnham was a full-time employee.

10. At the time of the termination of his employment, Burnham held the job title of Seed Technician III.

11. As Seed Technician III, Burnham's job duties included, among other things, packaging corn, overseeing the seed Pak washer, addressing certain maintenance issues, and draining and cleaning water tanks.

12. At all times material hereto, including at the time of the termination of his employment, Burnham was qualified for the position he held with Bayer.

13. At all times material hereto, including at the time of the termination of his employment, Burnham met Bayer's reasonable job expectations.

14. At all times material hereto, including at the time of the termination of his employment, Burnham directly reported to Regional Site Lead Steve Gant.

15. Prior to the termination of his employment, Burnham never had any significant disciplinary issues.

16. During his employment with Bayer, Burnham suffered work-related injuries.

17. More specifically, on or about July 13, 2020, Burnham accidentally fell from a water tank.

18. Burnham's accidental fall occurred on Bayer's work premises.

19. Burnham's accidental fall occurred during one of his normal work shifts.

20. Burnham immediately knew, or at a very minimum suspected, that he broke his wrist as a result of the accidental fall.

21. Additionally, Burnham sustained an injury to his shoulder but did not immediately know the full extent of that injury.

22. Burnham reported the accident and his resulting injuries to Bayer as soon as practicable.

23. More specifically, Burnham reported the accident and his resulting injuries to Bayer's head of safety.

24. As a result of Burnham's injury report, Bayer directed Burnham to consult Dr. Luke Perrin in Grinnell, Iowa.

25. At all times material hereto, Dr. Perrin transacted business with Bayer as its workers compensation physician.

26. As directed, Burnham consulted Dr. Perrin following the accident; yet, Dr. Perrin could not immediately ascertain the full extent of Burnham's injuries.

27. Between the accident on or about July 13, 2020 and the termination of his employment on August 24, 2020, Burnham returned to work.

28. During that period of time, Bayer did not discipline Burnham in connection with the accident; nor did Bayer's managerial/supervisory personnel indicate that Burnham was somehow at fault in getting injured.

29. Given the unknown extent of his injuries, Burnham underwent magnetic resonance imaging ("MRI") on August 20, 2020.

30. The MRI revealed that Burnham sustained a torn rotator cuff in his right shoulder.

31. Thus, the MRI revealed that Burnham's injuries were far more serious than he initially knew.

32. As a result of the MRI, Burnham learned that the torn rotator cuff would require surgical intervention.

33. Thus, the healthcare cost associated with Burnham's injuries was also greater than either Burnham or Bayer anticipated.

34. The healthcare costs of Burnham's initial consultation with Dr. Perrin and his follow-up MRI were submitted under Bayer's workers compensation insurance.

35. Burnham pursued workers compensation benefits in connection with his work-related injuries.

36. Bayer, through its managerial personnel, had knowledge of Burnham's pursuit of workers compensation benefits.

37. More specifically, between the time of his MRI on August 20, 2020 and the termination of Burnham's employment four days later, Bayer, through its managerial personnel, learned that Burnham's injuries would require surgery.

38. The costs, or anticipated costs, associated with Burnham's workers compensation injury caused Bayer and certain of its managerial employees—including Burnham's direct supervisor Steve Gant, to develop retaliatory animus against Burnham.

39. Steve Gant communicated the termination of employment to Burnham.

40. Gant told Burnham that his employment was being terminated because he went on an "unapproved work surface" and fell.

41. Yet Burnham's job duties sometimes required him to work on the surface in question.

42. Furthermore, at the time of Burnham's termination Gant had known about the circumstances surrounding Burnham's accident for over one month.

43. Gant's suggestion of any negligence and/or misconduct on Burnham's part came only after Burnham's MRI revealed that his work injuries required a potentially expensive surgical intervention.

44. Gant also suggested that Burnham directed other unidentified Bayer employees to climb the water tank from which Burnham fell.

45. Burnham did not direct any other employee to climb the water tank in question.

46. Yet, upon information and belief, other Bayer employees climbed the water tank in question but were not terminated as a result.

47. Bayer never provided Burnham with any written explanation of the decision to terminate his employment.

48. Bayer's purported reasons for terminating Burnham's employment, as communicated by Gant, are pretextual and designed to hide the retaliatory nature of the decision to terminate Burnham's employment.

49.     Bayer's decision to terminate Burnham's employment had the effect of discouraging other employees from reporting work injuries and pursuing workers compensation benefits.

50.     Bayer's decision to terminate Burnham's employment was intended to discourage other employees from reporting work injuries and pursuing workers compensation benefits.

51.     On August 24, 2020, Bayer terminated Burnham's employment because he pursued, or was pursuing, workers compensation benefits.

52.     Bayer terminated Burnham's employment in violation of the public policy of the State of Iowa.

53.     Burnham has sustained damages as a result of the unlawful conduct of Bayer.

54.     Bayer acted with malice and/or reckless indifference for Burnham's rights; therefore, Burnham is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Ricky Burnham, respectfully requests that this Court enter judgment against Defendant Bayer CropScience LP and award him damages for lost wages and benefits, emotional distress and mental anguish, compensatory relief, punitive damages, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

55.     Burnham hereby requests trial by jury in this matter.

Respectfully Submitted,

**LeGRANT LAW FIRM, P.C.**

By  /s/ Andrew L. LeGrant

                                      Andrew L. LeGrant       AT0008908
                                      2900 100th Street, Suite 304
                                      Urbandale, Iowa 50322
                                      Telephone: (515) 331-6500
                                      Facsimile:  (855) 331-6509
                                      Email: alegrant@legrantlaw.com

                                      ATTORNEY FOR PLAINTIFF

Original filed; electronic copy to:

Lindsay A. Vaught
Ahlers & Cooney, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309

ATTORNEYS FOR DEFENDANT

                                                  CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on  January 11, 2021.
By:_____ U.S. Mail        _____ Facsimile
      _____ Hand Delivered   _____ Overnight Courier
      _____ Certified Mail       __X__ Other: CM/ECF

Signature   /s/Andrew L. LeGrant